IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDA KUNDINGER,

       Plaintiff,
 v.

NRRM, LLC,

       Defendant.

OPINION & ORDER

17-cv-321-jdp

---

  Plaintiff Linda Kundinger filed a putative class action complaint against defendant NRRM, LLC. Kundinger alleges that NRRM improperly obtained drivers' personal information from the Wisconsin Department of Motor Vehicles and used the information to send advertisements for aftermarket automobile services. Kundinger claims that NRRM violated the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721 *et seq.* (DPPA), which prohibits illegitimate uses of drivers' personal information registered with the DMV.

  NRRM moves to strike three paragraphs from the class action complaint under Federal Rule of Civil Procedure 12(f). Dkt. 19. NRRM contends that paragraphs 22 through 24 of the complaint are impertinent to this case and prejudicial to NRRM. The court will deny NRRM's motion to strike.

  Under Rule 12(f), a court may strike from pleadings "any redundant, immaterial, impertinent, or scandalous matter." The court will not grant a motion to strike unless the challenged allegations have "'no possible relation' to the controversy" and are "clearly prejudicial." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) (quoting *Simmons v. John F. Kennedy Med. Ctr.*, 727 F.Supp. 440, 442 (N.D.Ill.1989)). Whether the challenged allegations are pertinent is assessed under the ordinary understanding of

relevance, that is, whether the allegations are "of consequence" to the action. *Id*. (quoting Fed. R. Evid. 401). Prejudice can be shown when the challenged allegations have "the effect of confusing the issues" or when they are "so lengthy and complex" that they "place[] an undue burden on the responding party." *Sun Life Assurance Co. of Canada v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 903 (N.D. Ill. 2013).

Here, the challenged allegations are pertinent to this case and not prejudicial to NRRM. Kundinger alleges in paragraphs 22 through 24 that NRRM has an "F" rating from the Better Business Bureau because NRRM sent letters to various individuals and misled them in various ways, such as implying that NRRM was a manufacturer or dealer. Dkt. 1, ¶¶ 22–24. These allegations pertain to Kundinger's DPPA claim. The DPPA prohibits the use of drivers' personal information except for the 14 enumerated categories of use, such as "use in the normal course of business by a legitimate business." 18 U.S.C. §§ 2721, 2722. The challenged allegations here tend to show that NRRM used the information for an illegitimate purpose not excused under the DPPA.

NRRM contends that paragraphs 22 through 24 are impertinent because they relate to BBB reviews of NRRM's marketing practices in general without explicitly referring to personal information from the DMV. But Kundinger's allegation is that NRRM used the information from the DMV to identify names and addresses of potential customers and sent unconsented mail to those individuals, as evidenced by the BBB reviews. Dkt. 1, ¶¶ 3, 24. So the BBB reviews are pertinent.

As for prejudice, NRRM contends that the challenged allegations "would distract from the actual issues and would be prejudicial to NRRM." Dkt. 19, at 2. But NRRM does not

develop this argument, and there appears to be no reason why the court or a jury would be confused by the allegations here. NRRM's motion to strike is denied.

ORDER

IT IS ORDERED that defendant NRRM, LLC's "partial motion to strike plaintiff's class action complaint," Dkt. 19, is DENIED.

Entered November 3, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge